# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1086

_____

| | | |
|---|---|---|
| Edward Allen Moore, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Ernest Jackson, D.D.S., | * | Western District of Missouri. |
| | * | |
| Defendant, | * | [UNPUBLISHED] |
| | * | |
| James Keith, M.D., Randee Kaiser, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| Karen Cornell, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Ralf Salke; Gerald Bommel; Steve Long; John Sydow, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| Judy P. Draper; Dora Schriro, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| William Wade, M.D.; Richard Washington; David Dormire; Michael Groose, | * | |
| | * | |

                    Appellees,          *
                                        *
ARA Services, doing business as         *
Correctional Medical Systems, Inc.,     *
                                        *
                    Defendants.         *
                              _____

                    Submitted:  October 1, 2004
                         Filed:  October 14, 2004
                              _____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.
                              _____

PER CURIAM.

     Edward Moore appeals the district court's[1] order denying his motion to enforce a money judgment entered in his earlier 42 U.S.C. § 1983 action.  We affirm.

     In June 1999, Missouri inmate Moore successfully sued Correctional Medical Systems (CMS) in a section 1983 action and was awarded $9,800 in compensatory damages.  After we affirmed the jury verdict, Moore moved under Federal Rule of Civil Procedure 69(a) to enjoin the State of Missouri (State) from seeking reimbursement for the costs of his incarceration under the Missouri Incarceration Reimbursement Act (MIRA) by attaching the money CMS had paid him to satisfy the section 1983 judgment.  The district court summarily denied Moore's motion, but on appeal we remanded to the district court to consider the applicability of Hankins v. Finnel, 964 F.2d 853, 861 (8th Cir.) (holding MIRA invalid under Supremacy Clause where State was attempting to recoup very same money it had paid to satisfy inmate's § 1983 judgment against State employee; allowing State to proceed would eliminate

_____

     [1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

-2-

incentive of State or its employees to avoid violating inmates' constitutional rights), cert. denied, 506 U.S. 1013 (1992). On remand, the district court denied Moore's motion, finding that Hankins did not apply because it was CMS that had paid the judgment, thus leaving intact CMS's incentive to comply with the constitutional rights of inmates.

We agree with the district court that because Moore's judgment was not paid by the State but by CMS, and because the record nowhere suggests the State intends to indemnify CMS for its loss, Moore's case falls outside the limited scope of Hankins. See Hankins, 964 F.2d at 858 n.6 (acknowledging that holding was based on "narrow and unique factual situation presented in [Hankins], which in itself is without precedent"). Accordingly, because allowing the State to collect from Moore's judgment provides no benefit to CMS, the result reached by the district court is not inconsistent with section 1983's goal of deterring future deprivations of federal constitutional rights. See id. at 861.

The judgment is affirmed.

_____